(96 South. 137)

## MEERS v. PELHAM SITZ & CO. (7 Div. 383.)

(Supreme Court of Alabama. April 19, 1923.)

1. Appeal and error ⬅187(4)—Propriety of substitution of party must be questioned below.

Question of propriety of substitution for original defendant, not having been raised in the trial court, is not available on appeal.

2. Payment ⬅41(3)—Proceeds of' sale of mortgaged chattels by assignee before assignment not applied to mortgage debt.

Where appropriation and sale of part of mortgaged chattels by assignees of the mortgage was before the assignment, so that they were then strangers to the mortgage, there is no rule for application of the proceeds to payment of the mortgage debt.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by W. E. Meers against Pelham Sitz & Co. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Motley & Motley, of Gadsden, for appellant.

Where a debtor owes two or more separate debts to the same creditor, and makes a payment from the proceeds of mortgaged property, the credit must be applied to the mortgaged debt. Taylor v. Cockrell, 80 Ala. 236; Sanders v. Knox, 57 Ala. 80; 11 C. J. 715; Boyd v. Jones, 96 Ala. 305, 11 South. 405, 38 Am. St. Rep. 100.

J. M. Miller, of Gadsden, for appellee.

No brief reached the Reporter.

McCLELLAN, J. Detinue for three head of cattle, instituted by appellant against Nellie Freeman, for whom Pelham Sitz & Co. were substituted as defendants. Code, § 6051. There was judgment, on verdict, for the substituted defendants.

[1] No question having been raised in the trial court as to the propriety of the substitution for the original party defendant, the first assignment of error is without merit.

[2] The plaintiff claimed under a mortgage of date January 31, 1921, and the substituted defendants claimed as assignees of a mortgage of date February 28, 1918. The assignment of this mortgage to the substi-

tuted defendants purports to have been made November 10, 1921. The plaintiff contended that this mortgage had been paid and discharged by the appropriation and sale, by substituted defendants, of two mules, described therein. The court instructed the jury, in accordance with theories proposed in the evidence, that, if the substituted defendants sold the mules after they acquired this mortgage, then the mortgage was paid and discharged; whereas, if the appropriation and sale of the mules was effected before they became assignees of this mortgage, the mortgage was not paid. There was no fault in the instruction mentioned. The familiar rules for the application of payments, which the brief for appellant would invoke, do not apply to strangers to the contracts or obligations involved. So far as the mortgage of February, 1918, was concerned, unless Sitz & Co. had become assignees of that mortgage before the sale of the mules they could not apply the proceeds to an indebtedness then held by another. The question contested is one of asserted payment of the debt secured by the mortgage of February, 1918.

Under the evidence, the plaintiff was not entitled to the general affirmative charge requested.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.